IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Delvin D. Bryan, | ) Civil Action No.: 5:14-1990-BHH |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **OPINION AND ORDER** |
| | ) |
| Carolyn W. Colvin, | ) |
| Acting Commissioner of Social | ) |
| Security, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

The plaintiff, Delvin D. Bryan ("the plaintiff"), brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the defendant, Acting Commissioner of Social Security ("Commissioner"), denying his claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(B)(2)(a) and 83.VII.02, D.S.C., this matter was referred to United States Magistrate Judge Kaymani D. West for pretrial handling. On July 13, 2015, the magistrate judge issued a Report and Recommendation in which she determined that the Commissioner performed an adequate review of the whole record, and that the decision was based on substantial evidence. Accordingly, the magistrate judge recommended affirming the Commissioner's decision. (ECF No. 23 at 27-28.) The plaintiff filed Objections on July 29, 2015 (ECF No. 25), and on August 12, 2015, the Commissioner filed a Reply (ECF No. 28). For the reasons stated below, the Court adopts the Report and Recommendation and affirms the Commissioner's decision.

**FACTUAL AND PROCEDURAL BACKGROUND**

The Report and Recommendation sets forth in detail the relevant facts and standards of law, and the Court incorporates them and summarizes below in relevant part. The plaintiff was 34 years old on the date of his alleged disability onset date, due to memory and focus problems, and drowsiness and lightheadedness from side effects of medication that he took for post-traumatic stress disorder ("PTSD") and depression, he attended school through the eleventh grade, and his prior work history includes work as a forklift driver, pipe layer, fast food cook, warehouse worker, and landscaper. (R. at 31-34.) The plaintiff's current application was denied initially and on reconsideration. (R. at 49-63, 79-96, 111-25.) A hearing was held before an Administrative Law Judge ("ALJ") who issued an unfavorable decision on April 15, 2013, finding that the plaintiff was not disabled. (R. at 12-22, 28-48.) The Appeals Council denied the plaintiff's request for review (R. at 1-4), making the ALJ's decision the final decision of the Commissioner. The plaintiff subsequently filed an action in this Court on May 20, 2014. (ECF No. 1.)

**REPORT AND RECOMMENDATION**

The magistrate judge recommends affirming the ALJ's decision. (ECF No. 23 at 27-28.) The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter to her with instructions. 28 U.S.C. § 636(b)(1). "However, the Court is not required

2

to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations." *Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (internal citations omitted).

## **STANDARD OF REVIEW**

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Under 42 U.S.C. § 405(g), the court may only review whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."); *Myers v. Califano*, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see, e.g., Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). In order for a reviewing court to determine whether the Commissioner based a decision on substantial evidence, "the decision must include the reasons for the determination . . . ." *Green v. Chater*, 64 F.3d 657, 1995 WL 478032, \*2 (4th Cir.1995) (citing *Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir.1986)). The statutorily mandated standard precludes a *de novo* review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *See, e.g., Vitek v.*

3

*Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). Accordingly, "the court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). As noted by Judge Sobeloff in *Flack v. Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Id.* at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

## DISCUSSION

The plaintiff filed objections to the Report and Recommendation ("Objections") on July 29, 2015 (ECF No. 25), and the Commissioner filed a reply on August 12, 2015 (ECF No. 28). The plaintiff objects to the magistrate judge's recommendation concerning the ALJ's alleged failure (1) to consider the plaintiff's mental impairments as severe; (2) to properly consider whether the plaintiff's mental impairments met the criteria of Listing 12.05; and (3) to properly considered the medical opinion of Dr. Cashton Spivey. The Court will consider each specific objection in turn.[1]

---

[1] As always, the Court says only what is necessary to address such objections against the already meaningful backdrop of a thorough Report of the magistrate judge, incorporated entirely by specific reference, herein, to the degree not inconsistent. Exhaustive recitation of law and fact exists there.

The plaintiff first contends that ALJ failed to find her mental impairments severe at step two of the sequential evaluation process. As the magistrate judge thoroughly explained, there is no doubt but that the ALJ fully considered the breadth and effect of the plaintiff's impairments. (See R. at 15-22.) As noted in the Report and Recommendation, where an impairment is discussed and analyzed elsewhere, courts in this district have repeatedly held that an inadequate step two analysis is harmless and not reversible error. *See Collier v. Colvin*, 2015 WL 1519796, at *7 n.3 (D.S.C. Mar. 30, 2015) ("To the extent [claimant] argues that the ALJ erred in finding her [impairment] nonsevere at step two, such an error is harmless because the ALJ considered the [impairment] in subsequent steps."); *Jenkins v. Colvin*, 2015 WL 1311694, at *4 (D.S.C. Mar. 24, 2015) ("Courts in this district have determined that an ALJ's failure to consider an impairment at step two is harmless when the ALJ considers the impairment in subsequent steps of its analysis."); *Shuler v. Colvin*, 2013 WL 2241479, at *5 (D.S.C. May 21, 2013) (inadequate step two analysis is harmless where impairments adequately discussed and analyzed elsewhere in decision); *Washington v. Astrue*, 698 F. Supp. 2d 562, 580 (D.S.C. 2010) (finding "no reversible error where the ALJ does not find an impairment severe at step two provided that he . . . considers that impairment in subsequent steps"). There is no error.

The plaintiff also objects concerning whether the ALJ and the magistrate judge, in review, properly considered relevant evidence as to whether Listing 12.05 had been satisfied at step three of the sequential evaluation process. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.05. The undersigned has been historically cautious about attempts to look past valid IQ scores for purposes of Listing 12.05. And, there are, specifically, some findings of the ALJ that may not be as supportive of his analysis in that regard as the

5

magistrate judge found. Notwithstanding, the ALJ found, and the magistrate affirmed, that the plaintiff had not proven that deficits in adaptive functioning manifested during the "developmental period," before age 22. To meet the diagnostic criteria in the introductory paragraph of Listing 12.05, the plaintiff was required to prove that he had mental retardation, defined as significantly sub-average general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period, i.e., the evidence demonstrates or supports onset of the impairment before age 22. 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.00(A).

The ALJ found that there was no objective evidence that it had. (R. at 17.) The plaintiff has not contested this finding in his objections. As found by Magistrate Judge West, this case contains affirmative evidence that supports that the plaintiff's intellectual impairments actually arose after the developmental period. (R&R at 17-18 n.7.) So whether or not the ALJ and magistrate judge considered properly his past relevant work as substantial gainful employment and "skilled," or not, is immaterial because the plaintiff cannot otherwise satisfy an essential criteria of the Listing. To meet Listing 12.05, the plaintiff bears the burden of showing that he met both the diagnostic criteria in the introductory paragraph and the criteria in either subsections A, B, C, or D. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.00(A). The plaintiff is required to prove that he "meet[s] all of the specified medical criteria." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (emphasis in original). There is no error, therefore, in the listing analysis.

Lastly, the plaintiff asserts that the ALJ's explanation for rejecting consultative examiner Dr. Cashton Spivey's opinion was not "justified" by the record. (Pl.'s Obj. at 9-10.) Respectfully, the plaintiff has not articulated any specific error of the magistrate judge.

Rather, this objection is, for the better part, a matter raised to the magistrate judge and appropriately considered but rejected. (See R&R at 10-11); *see Hendrix v. Colvin*, 2013 WL 2407126, at *4 (D.S.C. June 3, 2013); *see also Jackson v. Astrue*, 2011 WL 1883026 (W.D.N.C. May 17, 2011); *Aldrich v. Bock*, 327 F. Supp.2d 743, 747 (E.D. Mich. 2004). Accordingly, the district court must "'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's Note). The Court has thoroughly reviewed the objections and the magistrate judge's consideration and citation to legal authority and agrees that the ALJ performed an adequate analysis of Dr. Spivey's opinion. It was rejected for the plaintiff's alleged performance of skilled work after 2005. Although the plaintiff disagrees for various reasons, at least substantial evidence exists for the ALJ's conclusion that he did competently perform some skilled work. The VE testified that the plaintiff performed skilled and semi-skilled work (R. at 44-47), and the record reflects that the plaintiff drove a fork-lift from March 2010 to April 2011 (R. at 250); worked five days per week in May 2010 (R. at 315); worked 40 hours per week as of June 2010 (R. at 317); and worked most days, except for appointments (R. at 380; see also R&R at 25). The record specifically referenced the plaintiff's work in October 2011, November 2011, January 2012, and June 2012 (R. at 53-54, 430-31, 445, 447, 449) and showed that the plaintiff continued working at Goodwill work as late as September 2012 (R. at 452). As the magistrate judge found, there is no error.

## **CONCLUSION**

The Court has carefully reviewed the record, including the findings of the ALJ, the plaintiff's objections to the Report and Recommendation, and the defendant's reply. The

7

Court concurs in the recommendation of the magistrate judge and thus adopts the Report and Recommendation and incorporates it herein by reference to the extent it is consistent with this order. The decision of the Commissioner is AFFIRMED.

    IT IS SO ORDERED.

/s/Bruce Howe Hendricks
United States District Judge

September 29, 2015
Greenville, South Carolina